**\*\*FILED\*\***

**4:36 pm, Jul 26, 2022**

**U.S. DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

KTF:BW/ADR
F. #2022R00152

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JAMEL CLARKE,
RONALD DELAESPADA,
    also known as "Ronald Welch,"
CIAN HARRIS,
DWAYNE HARRIS,
PHEOD KHAN,
RAYON LOVETT and
OWEN WELCH,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **1:22-cr-00341(LDH)(RLM)**

(T. 18, U.S.C., §§ 371, 922(a)(1)(A),
922(g)(1), 922(k), 924(a)(1)(B),
924(a)(1)(D), 924(a)(2), 924(d)(1), 2
and 3551 et seq.; T. 21, U.S.C.,
§§ 841(a)(1), 841(b)(1)(B)(iii),
841(b)(1)(B)(vi), 841(b)(1)(C), 846,
853(a) and 853(p); T. 28, U.S.C., §
2461(c))

THE GRAND JURY CHARGES:

## COUNT ONE
(Firearms Trafficking Conspiracy)

    1.    In or about September 2021, within the Eastern District of New York and elsewhere, the defendants DWAYNE HARRIS and RAYON LOVETT, together with others, did knowingly and willfully conspire to engage in the business of dealing in firearms without being licensed importers, licensed manufacturers or licensed dealers, and in the course of such business, to ship, transport and receive one or more firearms in interstate and foreign commerce, contrary to Title 18, United States Code, Section 922(a)(1)(A).

    2.    In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants DWAYNE HARRIS and

RAYON LOVETT, together with others, committed and caused to be committed, among others, the following:

## OVERT ACT

(a)     On or about September 17, 2021, HARRIS and LOVETT sold a firearm to an undercover law enforcement officer (the "UC") in Brooklyn, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Firearms Trafficking)

3.     In or about and between September 2021 and June 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RAYON LOVETT, together with others, not being a licensed importer, licensed manufacturer or licensed dealer of firearms, did knowingly and intentionally engage in the business of dealing in firearms, and in the course of such business did ship, transport and receive one or more firearms in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

## COUNT THREE
(Firearms Trafficking)

4.     On or about September 17, 2021, within the Eastern District of New York and elsewhere, the defendant DWAYNE HARRIS, together with others, not being a licensed importer, licensed manufacturer or licensed dealer of firearms, did knowingly and

Case 1:22-cr-00341-LDH Document 36 Filed 07/26/22 Page 3 of 14 PageID #: 237

3

intentionally engage in the business of dealing in firearms, and in the course of such business did ship, transport and receive one or more firearms in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

## COUNT FOUR
(Possession of a Defaced Firearm)

5. On or about September 17, 2021, within the Eastern District of New York and elsewhere, the defendant RAYON LOVETT did knowingly and intentionally possess a firearm, to wit: a Taurus G2C 9 mm pistol, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B) and 3551 et seq.)

## COUNT FIVE
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base)

6. In or about and between October 2021 and March 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CIAN HARRIS, DWAYNE HARRIS and PHEOD KHAN, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine base involved in the conspiracy attributable to each defendant as a

result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 28 grams or more of a mixture or substance containing cocaine base.

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SIX
(Possession with Intent to Distribute Cocaine Base)

7. On or about October 12, 2021, within the Eastern District of New York and elsewhere, the defendant PHEOD KHAN, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVEN
(Possession with Intent to Distribute Cocaine Base)

8. On or about October 26, 2021, within the Eastern District of New York and elsewhere, the defendant CIAN HARRIS, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base)

9. In or about and between December 2021 and May 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JAMEL CLARKE and RAYON LOVETT, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine base involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 28 grams or more of a substance containing cocaine base.

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT NINE
(Possession of a Defaced Firearm)

10. On or about December 7, 2021, within the Eastern District of New York and elsewhere, the defendant RAYON LOVETT did knowingly and intentionally possess a firearm, to wit: a Ruger EC9 9 mm pistol, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B) and 3551 et seq.)

## COUNT TEN
(Possession with Intent to Distribute Cocaine)

11. On or about December 21, 2021, within the Eastern District of New York and elsewhere, the defendants JAMEL CLARKE and RAYON LOVETT, together with others, did knowingly and intentionally possess with intent to distribute a controlled

substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
(Firearms Trafficking Conspiracy)

12. In or about and between February 2022 and June 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONALD DELAESPADA, also known as "Ronald Welch," RAYON LOVETT and OWEN WELCH, together with others, did knowingly and willfully conspire to engage in the business of dealing in firearms without being licensed importers, licensed manufacturers or licensed dealers, and in the course of such business, to ship, transport and receive one or more firearms in interstate and foreign commerce, contrary to Title 18, United States Code, Section 922(a)(1)(A).

13. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants RONALD DELAESPADA, also known as "Ronald Welch," RAYON LOVETT and OWEN WELCH, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a) On or about February 11, 2022, LOVETT and WELCH sold two firearms to the UC in Brooklyn, New York.

(b) On or about May 17, 2022, LOVETT and WELCH sold three firearms to the UC in Brooklyn, New York.

    (c)  On or about May 25, 2022, LOVETT and WELCH sold three firearms to the UC in Brooklyn, New York.

    (d)  On or about June 8, 2022, LOVETT and WELCH sold two firearms to the UC in Brooklyn, New York.

    (e)  On or about June 15, 2022, DELAESPADA, LOVETT and WELCH sold two firearms to the UC in Brooklyn, New York.

    (f)  On or about June 22, 2022, LOVETT and WELCH sold five firearms to the UC in Brooklyn, New York.

  (Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWELVE
(Firearms Trafficking)

  14.  In or about and between February 2022 and June 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONALD DELAESPADA, also known as "Ronald Welch," and OWEN WELCH, together with others, not being licensed importers, licensed manufacturers or licensed dealers of firearms, did knowingly and intentionally engage in the business of dealing in firearms, and in the course of such business did ship, transport and receive one or more firearms in interstate and foreign commerce.

  (Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

COUNT THIRTEEN
(Firearms Trafficking)

  15.  In or about and between March 2022 and May 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant JAMEL CLARKE, together with others, not being a licensed importer, licensed manufacturer or licensed dealer of firearms, did knowingly and intentionally engage in the business of dealing in firearms, and in the course of such business did ship, transport and receive one or more firearms in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(a)(1)(A), 924(a)(1)(D), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Felon in Possession of a Firearm)

16. On or about March 4, 2022, within the Eastern District of New York and elsewhere, the defendant RAYON LOVETT, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: an SCCY CPX-2 9 mm pistol with serial number C261775.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT FIFTEEN
(Felon in Possession of a Firearm)

17. On or about March 15, 2022, within the Eastern District of New York and elsewhere, the defendant RAYON LOVETT, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: an SCCY CPX-2 9 mm pistol with serial number C238583.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT SIXTEEN
(Felon in Possession of a Firearm)

18. On or about April 6, 2022, within the Eastern District of New York and elsewhere, the defendant JAMEL CLARKE, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: an RG Industries Erma .25 caliber pistol with serial number S123778.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT SEVENTEEN
(Felon in Possession of a Firearm)

19. On or about May 25, 2022, within the Eastern District of New York and elsewhere, the defendant OWEN WELCH, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Taurus 58S .380 caliber pistol with serial number KHC03590.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT EIGHTEEN
(Felon in Possession of a Firearm)

20. On or about May 25, 2022, within the Eastern District of New York and elsewhere, the defendant JAMEL CLARKE, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Taurus 9 mm pistol with serial number ABJ917593.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT NINETEEN
(Felon in Possession of a Firearm)

21. On or about June 15, 2022, within the Eastern District of New York and elsewhere, the defendant OWEN WELCH, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: an American Tactical rifle with serial number NS335720.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT TWENTY
(Possession with Intent to Distribute Fentanyl, Heroin, Cocaine and Cocaine Base)

22. On or about June 26, 2022, within the Eastern District of New York and elsewhere, the defendant RONALD DELAESPADA, also known as "Ronald Welch," together with others, did knowingly and intentionally possess with intent to distribute one or more controlled substances, which offense involved (a) 40 grams or more of a mixture or substance containing N-phenyl-N- [1-( 2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, (b) a substance containing heroin, a Schedule I controlled substance, (c) a substance containing cocaine, a Schedule II controlled substance, and (d) a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Felon in Possession of a Firearm)

23. On or about June 28, 2022, within the Eastern District of New York and elsewhere, the defendant RAYON LOVETT, knowing that he had previously been

convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a brown Winchester 94AE 30-30 caliber rifle with no serial number.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH FOUR, NINE,
ELEVEN THROUGH NINETEEN AND TWENTY-ONE

24. The United States hereby gives notice to the defendants charged in Counts One through Four, Nine, Eleven through Nineteen and Twenty-One that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to one brown Winchester 94AE 30-30 caliber rifle recovered on June 28, 2022 from Brooklyn, NY.

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE THROUGH EIGHT, TEN AND TWENTY

26. The United States hereby gives notice to the defendants charged in Counts Five through Eight, Ten and Twenty that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

*Stella Alcide*
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

*Carolyn Pokorny*

By: _____
Assistant U.S. Attorney

F. # 2022R00152
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

JAMEL CLARKE, RONALD DELAESPADA, also known as "Ronald Welch," CIAN HARRIS, DWAYNE HARRIS, PHEOD KHAN, RAYON LOVETT and OWEN WELCH,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 922(a)(1)(A), 922(g)(1), 922(k), 924(a)(1)(B), 924(a)(1)(D), 924(a)(2), 924(d)(1), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(B)(vi), 841(b)(1)(C), 853(a) and 853(p); T. 28, U.S.C., § 2461(c).)

*A true bill.*

_____*Stella Alcide*_____

Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

Clerk

*Bail, $* _____

_____

**Benjamin Weintraub, Andrew Reich, Assistant U.S. Attorneys (718) 254-6519/6452**